UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY GUIDRY | CIVIL ACTION |
| VERSUS | NO: 20-1795 |
| ENTERPRISE OFFSHORE DRILLING, LLC, ET AL | SECTION: "S" (3) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine/Daubert Motion** (Rec. Doc. 23) to exclude the testimony of plaintiff's economic expert is **DENIED**.

BACKGROUND

Plaintiff was injured while working on an offshore drilling rig owned by defendant Enterprise Offshore Drilling, LLC and operated by defendant Cantium, LLC. He has filed suit against the defendants for both physical and economic injuries. In connection with the latter, he seeks to introduce the expert testimony of Dr. G. Randolph Rice to calculate his potential past and future economic losses resulting from the alleged injuries.

Defendants have moved to strike Dr. Rice's testimony under Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), arguing that it is not reliable and based on insufficient facts or data. Specifically, defendants object to Dr. Rice's calculation of plaintiff's future earnings capacity. In calculating that figure, Dr. Rice posited a hypothetical future wage of minimum wage, or $7.25 per hour. However, defendants contend that plaintiff testified that post-accident, he earned $17 per hour, and thus a future wage loss premised on minimum wage

is unreliable and based on insufficient facts or data, and improperly diminishes his future earning capacity. Defendants also contend that it is premised on a conclusion that plaintiff will only be fit for minimum wage jobs, which is a conclusion Dr. Rice is not qualified to make because he lacks vocational rehabilitation expertise. Plaintiff opposes the motion, arguing that Dr. Rice's report was preliminary and does not reflect that plaintiff's future earnings are limited to minimum wage.

## APPLICABLE LAW

Federal Rule of Evidence 702 provides that for expert testimony to be admissible, "(1) the testimony [must be] based upon sufficient facts or data, (2) ... the product of reliable principles and methods, and (3) the witness [must have] applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. This rule requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589. However, "as a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 562 (5th Cir. 2004) (quoting United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996)). "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: 'Vigorous cross-examination [and] presentation of contrary evidence ... are the traditional and appropriate means of attacking shaky but admissible evidence." Id. at 1078, citing Daubert, 509 U.S. at 596.

## DISCUSSION

In this case, a review of Dr. Rice's report reflects that he has not made a vocational rehabilitation determination that plaintiff will only be capable of working minimum wage jobs going forward. Nor has he concluded that his lost earnings must be premised on a figure of $7.25 an hour. The challenged report was issued a day after plaintiff was deposed and without access to any deposition testimony regarding his post-accident earnings. It sets forth the method for calculating lost future earnings, using minimum wage as an example:

> In the event that Mr. Guidry can return to work in the future but at a lesser rate of pay than he previously enjoyed, then the issue becomes the diminution of earnings during the remainder of his work-life expectancy (discounted to the trial date). *For example*, should he be able to secure year-round employment paying Minimum Wage ($7.25 per hour currently/$15,080.00 per annum). . . .

Rice Report, Rec. Doc. 27-1, 2 (emphasis added).

Dr. Rice's report sets forth his methodology, and discloses the assumptions upon which he relied in making his calculation. It does not foreclose a different conclusion if a different future wage rate is used. Thus, defendants' challenge is to the basis for Dr. Rice's opinion. Cross-examination and presentation of contrary evidence are the appropriate means to challenge it. Indeed, in their memorandum in support, defendants state that they intend to bring their own expert to testify that plaintiff can return to work in his pre-accident capacity, and that his earning capacity has not changed. There is no need for the court to issue a blanket exclusion of Dr. Rice's testimony based on Daubert. Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine/Daubert**

**Motion** (Rec. Doc. 23) to exclude the testimony of plaintiff's economic expert is **DENIED**.

New Orleans, Louisiana, this  23rd  day of February, 2022.

                              **MARY ANN VIAL LEMMON**
                              **UNITED STATES DISTRICT JUDGE**